## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re:  SAID ATEF DEEB                                    Case No. 15-23878
                                                                                                 Chapter 7

                       Debtor.                    Hon. Carol A. Doyle
_____/

AMERICAN EXPRESS BANK, FSB

                      Plaintiff,                    Adv. Proc. No.

      vs.

SAID ATEF DEEB a/k/a SAID A. DEEB,

                     Defendant.
_____/

### COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

      Plaintiff, American Express Bank, FSB ("American Express"), by and through its counsel, hereby represents as follows:

      1.      The Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. §157(a), (b)(1), (b)(2)(I) (core proceeding), §1334(b) and 11 U.S.C. §523(c).

      2.      On July 13, 2015, the Debtor filed a Chapter 7 petition, commencing the above case.

      3.      American Express is the holder of a claim against the Defendant, Said Atef Deeb a/k/a Said A. Deeb ("the Defendant"), arising from American Express card account number xxxx-xxxxxx-x3006 ("the Account").

      4.      The Account was opened by the Defendant in June of 2013.

      5.      The balance on the Account as of the date of the filing of the Chapter 7 petition was $10,133.49.

6. The terms and conditions of the account agreement between the Defendant and American Express call for the payment of reasonable attorneys' fees and all costs expended by American Express in the collection of the account, which is hereby requested in the following count.

## FIRST COUNT

7. Paragraphs 1 through 6 are hereby repeated and incorporated.

8. Between January 19, 2015 and February 4, 2015, the Defendant used the Account in fifteen (15) transactions totaling $8,644.71 for the purchase of luxury goods and services.

9. Two (2) charges totaling $8,503.00 were incurred at YASINI JEWELERS.

10. The terms and conditions of the account agreement for the Account between the Defendant and American Express call for minimum payment of the charges due on the Account.

11. The prior balance on the Account was $1,360.58 and was paid down to $1,325.58.

12. There were no payments made toward the transactions referenced in paragraph 8.

13. Attached hereto as Exhibit "A" is the relevant portion of the account statements which reflect the account activity alleged in this Complaint.

14. Each and every time the Defendant incurred a charge or transaction on the Account, he was making an implied representation to American Express of his intent to repay the debt pursuant to the terms of the Account Agreement.

15. However, American Express avers that when the Defendant made these representations, he knew they were false or, alternatively, they were made with such reckless disregard for the truth as to constitute willful misrepresentations.

16. When the Defendant obtained the luxury goods and services as identified on Exhibit "A," he knew or reasonably should have known of his inability to repay the debt such that he was aware of the falsity of his representations to American Express.

17. According to Schedule F of the Defendant's bankruptcy petition, he has $252,445.00 in unsecured, nonpriority debt, of which $148,135.00 appears to be credit/charge card or line of credit debt.

18. According to Schedule I of the Defendant's bankruptcy petition, his current monthly net income is $4,694.86.

19. According to Schedule J of the Defendant's bankruptcy petition, his current monthly expenses totals $4,616.19; this figure does not include payment on any credit/charge card debt.

20. Therefore, based upon the figures disclosed in the Defendant's bankruptcy schedules, the Defendant was already unable to pay his living expenses and their credit/charge card debt when he made the charges on the Account.

21. American Express asserts that, at the time the Defendant incurred the charges on the Account, the Defendant's monthly income exceeded his monthly expenses by only $78.67 and therefore, subjectively, the Defendant did not intend to honor his obligation to American Express to satisfy the Account.

22. The Defendant has a certain level of financial sophistication as evidenced by the fact that he pays a mortgage, pays for utilities, makes a car payment, pays car insurance and has maintained and used multiple credit/charge card accounts.

23. The Defendant made multiple charges on the same day on the Account: January 21, 2015, January 29, 2015 and January 31, 2015.

24. The account activity identified in Exhibit "A" represented a sudden change in the Defendant's buying pattern and use of the Account.

25. Based on the totality of the circumstances, American Express avers that the Defendant incurred a portion of the balance of the Account in the amount of $8,644.71 without the intent to repay it.

26. A portion of the balance of the Account in the amount of $8,644.71 was incurred by the Defendant with knowledge of his inability to repay it.

27. At the time of posting the above-referenced charges to the Account, the Defendant was a cardmember in good standing and had a credit history with American Express, such that, American Express justifiably relied on the Defendant's misrepresentations as to his intent to repay.

28. The Defendant made the misrepresentations with the intention and purpose of deceiving American Express so that American Express would extend credit.

29. American Express asserts that, when the transactions at issue were incurred, the Defendant was misrepresenting his intent and ability to repay American Express as required by the terms of the account agreement for the Account.

30. As the proximate result of extending credit based on the Defendant's misrepresentations, American Express has sustained loss and damage in the amount of $8,644.71 on the Account.

31. A portion of the balance on the Account in the amount of $8,644.71 was obtained through false pretenses, a false representation, or actual fraud by the Defendant.

32. For the reasons above, a portion of the balance of the Account in the amount of $8,644.71 is nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A).

WHEREFORE, American Express prays this Honorable Court for a nondischargeable judgment, pursuant to 11 U.S.C. §523(a)(2)(A), against the Defendant, Said Atef Deeb a/k/a Said A. Deeb, in the principal amount of $8,644.71, plus interest, attorneys' fees and costs or any other such relief as the Court may deem appropriate.

                                                          Respectfully submitted,
                                                          Attorneys for Plaintiff

Dated: October 15, 2015          By:  /s/ *David L. Freidberg*
                                                        David L. Freidberg (ARDC #6230612)
                                                        DAVID L. FREIDBERG, P.C.
                                                        1954 First Street, Suite 164
                                                        Highland Park, IL  60035
                                                        Telephone:  (312) 560-7100
                                                        Facsimile:    (847) 433-4081
                                                        E-mail:  dfreidberg@freidberglaw.com